Deutsche Bank Natl. Trust Co. v Sankar (2020 NY Slip Op 01045)





Deutsche Bank Natl. Trust Co. v Sankar


2020 NY Slip Op 01045


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01928
2017-01930
 (Index No. 709257/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Roopnaraine Sankar, et al., appellants, et al., defendants.


Menashe & Associates, LLP, Montebello, NY (Shoshana Schneider of counsel), for appellants.
Fein, Such, Kahn & Shepard, P.C. (Parker Ibrahim & Berg LLC, New York, NY [Anthony W. Vaughn, Jr., Vanessa L. Williams, and Rachel Packer], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Roopnaraine Sankar and Mahesh Sankar appeal from two orders of the Supreme Court, Queens County (Robert J. McDonald, J.), both entered January 18, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Roopnaraine Sankar and Mahesh Sankar, to strike those defendants' answer and affirmative defenses, and for an order of reference, and denied those defendants' cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Roopnaraine Sankar and Mahesh Sankar, to strike those defendants' answer and affirmative defenses, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
On April 27, 2006, the defendant Roopnaraine Sankar executed a note in the sum of $450,000 in favor of Long Beach Mortgage Company, which the defendants Roopnaraine Sankar and Mahesh Sankar (hereinafter together the defendants) secured by a mortgage on real property located in South Ozone Park. On August 21, 2009, Long Beach Mortgage Company assigned the mortgage to the plaintiff.
In December 2014, the plaintiff commenced this mortgage foreclosure action against the defendants, among others. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and affirmative defenses, and for an order of reference. The defendants cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
We agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and affirmative defenses, and for an order of reference, and to deny the defendants' cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff established, prima facie, that it was entitled to summary judgment on the complaint insofar as asserted against the defendants. In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp. , 68 NY2d 320, 324). For the same reasons, the defendants did not establish their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court